IN THE UNITED STATES DISTRICT COURT
FOR SOUTH CAROLINA

CHARLES RAY THOMAS II
Aka Adebisi Ali
Plaintiff,
v.

Case No.

LAKEVIEW LOAN SERVICING, LLC
DEPARTMENT OF VETERAN AFFAIRS

Jury Trial

Defendant.

PLAINTIFF'S BRIEF IN SUPPORT OF CLAIM AS BENEFICIAL OWNER, RETURN OF PROMISSORY NOTE, AND FULL ACCOUNTING

TABLE OF CONTENTS

I. INTRODUCTION ............................................................. [PAGE 1]
II. JURISDICTION AND VENUE ................................................ [PAGE 1]
III. STATEMENT OF FACTS ..................................................... [PAGE 1-2]
IV. LEGAL ARGUMENT ......................................................... [PAGE 2-3]
A. Defendants' Duty to Return the Promissory Note ..................... [PAGE 2]
B. The Taking Clause and Defendants' Obligation Under Law ............ [PAGE 3]
C. Foreclosure and Unjust Enrichment ................................... [PAGE 2 - 3]
D. Breach of Fiduciary Duty and Failure to Provide Accounting ........ [PAGE 3]
V. RELIEF REQUESTED ........................................................ [PAGE 3]
VI. CONCLUSION .............................................................. [PAGE 3]
VII. CERTIFICATION AND VERIFICATION ........................................ [PAGE 4]

I. INTRODUCTION

Plaintiff, Adebisi Ali, submits this brief in support of their claim against Defendants for the return of a stolen promissory note and a full accounting of the transactions related to its use. Defendants have obtained a foreclosure judgment against Plaintiff's real property but have failed to return the security instrument to the holder in due course, in direct violation of legal obligations. This brief sets forth the factual and legal basis for Plaintiff's claim and seeks appropriate relief from this Court.

II. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 USC 1331, as the claims arise under federal and state law governing property rights, contract enforcement, and constitutional protections. Venue is proper in this district because the events giving rise to this action occurred within this judicial district, and the Defendants conduct business or reside within this jurisdiction.

**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTH CAROLINA**

### III. STATEMENT OF FACTS

1. Plaintiff executed a promissory note in favor of CHARLES RAY THOMAS II, March 29, 2019, which was intended to secure a financial transaction related to the acquisition of real property.

2. Defendants obtained possession of the promissory note but failed to return it to Plaintiff, the rightful holder in due course.

3. The note was pledged as security for the underlying debt, and Plaintiff was led to believe that the financial transaction would be executed in good faith.

4. Defendants initiated foreclosure proceedings against Plaintiff's real property without properly accounting for the promissory note's value or returning it as required by law.

5. The failure of Defendants to return the promissory note and provide a full accounting has resulted in financial harm to Plaintiff, including loss of property, legal standing, due process withholding access to the court.

6. Plaintiff has made repeated demands for the return of the promissory note and a full accounting of the transactions related to its use, but Defendants have refused to comply.

### IV. LEGAL ARGUMENT

A. Defendants' Duty to Return the Promissory Note

Under established contract and property law, a promissory note is a negotiable instrument that must be returned to the holder in due course once its purpose has been fulfilled. Defendants' failure to return the note constitutes a violation of UCC § 3-305 and other applicable statutory provisions.

Courts have consistently held that wrongful retention of a negotiable instrument by a non-holder amounts to conversion and unjust enrichment. In *Moses v. Macferlan* (1760), the court established that retaining property unjustly requires restitution. Similarly, *Lipkin Gorman v. Karpnale Ltd* (1991) held that unlawfully obtained financial instruments must be returned, reinforcing Plaintiff's right to reclaim the promissory note.

B. The Taking Clause and Defendants' Obligation Under Law

The Fifth Amendment of the U.S. Constitution prohibits the taking of private property without just compensation. If the foreclosure action resulted in the taking of Plaintiff's property, the law requires that any associated instruments, including the promissory note, be returned to the Plaintiff or just compensation be provided. Defendants' refusal to return the security instrument violates due process and property rights enshrined in federal and state laws.

C. Foreclosure and Unjust Enrichment

IN THE UNITED STATES DISTRICT COURT
FOR SOUTH CAROLINA

Defendants have obtained a foreclosure judgment while failing to return the security instrument, thereby benefiting from a financial instrument they have no legal right to retain. This constitutes unjust enrichment, as defined under equitable doctrines, and mandates restitution. The principles of *Westdeutsche Landesbank Girozentrale v. Islington LBC* (1996) further support that unjust retention of financial instruments imposes a duty to return them.

D. Breach of Fiduciary Duty and Failure to Provide Accounting

Defendants, acting as financial custodians of Plaintiff's security instrument, had a fiduciary duty to act in good faith and provide a full accounting of the transaction. Their failure to do so breaches this duty, exposing them to liability. The *Westdeutsche Landesbank* ruling also highlights the necessity of transparency in fiduciary dealings, which Defendants have neglected.

Moreover, the Federal Reserve's Borrower-in-Custody (BIC) Program establishes strict requirements for financial institutions handling pledged instruments. If the promissory note was pledged under the BIC Program, Defendants had a duty to clearly label, segregate, and provide accounting, reinforcing Plaintiff's right to relief.

V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court grant the following relief:

1. An order compelling Defendants to return the original promissory note to Plaintiff, as the rightful holder in due course.

2. A full and complete accounting of all transactions related to the promissory note, including any and all profits derived from its use.

3. An award of damages in an amount to be determined at trial for the financial harm suffered by Plaintiff as a result of Defendants' wrongful retention of the promissory note.

4. Equitable relief, including but not limited to, the imposition of a constructive trust over any proceeds or benefits derived from the wrongful use of the promissory note.

5. Any further relief that this Court deems just and proper.

VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the relief requested herein. The wrongful retention of the promissory note by Defendants is a clear violation of Plaintiff's rights under contract law, property law, and constitutional protections. The return of the note and a full accounting of the transactions related to its use are necessary to ensure that justice is served. Plaintiff prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

IN THE UNITED STATES DISTRICT COURT
FOR SOUTH CAROLINA

*Ali, Adebisi*
*4-30-2025*

VII. CERTIFICATION AND VERIFICATION

I, Adebisi Ali, affirm that the foregoing statements in this brief are true and correct to the best of my knowledge, information, and belief, in accordance with my religious and ethical beliefs.

2025-1087
Filed for Record in
MARION COUNTY, SC
CHRISTY M. GRAY, CLERK OF COURT
05/01/2025 11:49:53 AM
MISC DOCUMENT    $25.00
Bk OR Vol 765 Page 155 - 156

Book Volume Page
OR  765  155
Instrument
2025-1087

# AFFIDAVIT OF BENEFICIAL OWNERSHIP

State of South Carolina                             Date: April 30, 2025
County of Florence

I, Adebisi Ali, a natural person, doing business as CHARLES RAY THOMAS II, being duly sworn, hereby declare and affirm the following under oath and under penalty of perjury:

1. Affiant Identity

I am a natural person, sui juris, competent to testify to the matters stated herein, and the beneficial owner of the financial instrument described below.

2. Instrument Identified

The instrument at issue is a promissory note executed on or about March 29, 2019, in connection with the real property located at 1308 Harmony Street, Florence, South Carolina, 29501. (See attached instrument)

3. Statement of Interest

I am the lawful beneficial owner of said promissory note. I make no claim to the mortgage or deed of trust associated with said note. My claim is strictly limited to the beneficial interest in the promissory note itself.

4. Clarification of Foreclosure

The foreclosure proceedings referenced in case number 2021CP2102234 pertain to the mortgage instrument and not the promissory note. At no point was lawful ownership of the promissory note divested from me, nor was it properly adjudicated as part of the foreclosure.

5. Assertion of Standing
I affirm my standing to assert a claim in equity as the beneficial owner of the promissory note and reserve all rights to seek equitable relief in any court of competent jurisdiction.

6. The titles of CHARLES RAY THOMAS II™ and ADEBISI ALI™, ( serial numbers 98483254 & 98488907) as well as any and all derivatives and variations mentioned in this document are registered as a trademark in the United States Patent and Trademark Office, and this trademark can only be used by the parties holding the agreements.

"Indeed, no more than (affidavits) is necessary to make the Prima facie case," in the nature of the United States vs. Powell, 379 U.S. 48;

2025-1087

Instrument    Book Volume Page
2025-1087    OR    765    156

## AFFIDAVIT OF BENEFICIAL OWNERSHIP

FURTHER AFFIANT SAYETH NAUGHT.

*Ali, Adebisi*

Adebisi Ali
Affiant

Date: May 1, 2025

WITNESSES

Witness: *Kippie Carl Brown*
Witness Name: Kippie Carl Brown
Date: 5/1/2025

Witness: *Ruthene Kennedy*
Witness Name: Ruthene Kennedy
Date: 5/1/2025

JURAT

Sworn to and subscribed before me this 1st day of May, 2025.

Notary Public: Kippie Carl Brown
My Commission Expires: 06/26/2033

[Seal: KIPPIE CARL BROWN, NOTARY PUBLIC, SOUTH CAROLINA]

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Affidavit of Beneficial Ownership was served on the following parties by U.S. Mail, certified mail on the 1 day of May, 2025

Lakeview Loan Servicing, LLC - mailing no. 9589 0710 5270 0353 1671 29
508 Meeting Street
West Columbia, South Carolina, 29169

Department of Veterans Affairs
Office of General Counsel (022D) 810 Vermont Ave NW, Washington, DC 20420
mailing no. 9589 0710 5270 0353 1671 36

United States of America (U.S. Attorney's Office) - no registered agent provided

*Ali, Adebisi*

Adebisi Ali
Affiant
Date: May 1, 2025

4:25-cv-03689-SAL-TER     Date Filed 05/01/25     Entry Number 1     Page 7 of 13

IN THE UNITED STATES DISTRICT COURT
4th District
Florence Division

CHARLES RAY THOMAS II,                    Civil Action No.: _____
aka Adebisi Ali

Plaintiff,

v.

LAKEVIEW LOAN SERVICING, LLC,             VERIFIED BILL IN EQUITY
DEPARTMENT OF VETERANS AFFAIRS,    For Declaratory and Injunctive Relief

Defendants.

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Adebisi Ali, respectfully files this Bill in Equity, seeking declaratory, injunctive, and equitable relief to correct a foreclosure judgment unlawfully granted in favor of parties without lawful or equitable standing, and to restore Plaintiff's beneficial interest in the subject property.

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and the Court's inherent equitable powers.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred in this district and concern property located at 1308 Harmony St. Florence, SC 29501.

II. PARTIES

3. CHARLES RAY THOMAS II, aka Adebisi Ali, (hereandafter Plaintiff) is asserting beneficial ownership of the subject property and promissory note executed on March 29, 2019.

4. Defendant, LAKEVIEW LOAN SERVICING, LLC, is a mortgage loan servicer which initiated foreclosure proceedings 10-14-2021, without lawful standing or beneficial ownership.

5. Defendant, DEPARTMENT OF VETERANS AFFAIRS (VA), is a federal agency involved in the guarantee or administration of the subject loan.

III. FACTUAL BACKGROUND

6. On March 29, 2019, the Plaintiff executed a promissory note secured by a mortgage on real property located at 1308 Harmony St., Florence, SC.

Pg 1 of 3

7. The note was subsequently transferred, securitized, and placed into a mortgage-backed trust, severing the unity of legal and equitable title.

8. Lakeview Loan Servicing, LLC initiated foreclosure proceedings despite lacking both possession of the original note and beneficial interest.

9. A foreclosure judgment was entered by the Master in Equity, William Haigh Porter of Florence County under case number 2021CP2102234, without proper jurisdiction or standing.

10. A deed was issued under that judgment and recorded in the Florence County Register of Deeds, clouding Plaintiff's lawful title.

11. Plaintiff, through an Affidavit of Beneficial Ownership (Exhibit A), has attested to continuous beneficial interest in the note and property.

12. Plaintiff initiated and exhausted an administrative process providing all named Defendants an opportunity to rebut the ownership claim, which they failed to do over the last 3 years.

13. The Defendants failed to submit any affidavit or lawful proof under penalty of perjury validating their authority or legal interest in the note or foreclosure.

14. As such, Plaintiff now seeks equitable redress from this Court to declare the foreclosure judgment void and restore title.

IV. EQUITABLE PRINCIPLES

15. Equity regards as done that which ought to be done.

16. Equity will not suffer a wrong without a remedy.

17. Equity follows the law but is not bound to its form where it fails to reach justice.

18. Equity acts specifically and not by way of compensation when monetary damages are inadequate.

19. Equity aids the vigilant and not those who slumber on their rights.

V. CLAIMS FOR RELIEF

COUNT I: DECLARATORY JUDGMENT

20. Plaintiff seeks a declaration under 28 U.S.C. § 2201 that the foreclosure judgment and any resulting deed are void ab initio.

COUNT II: INJUNCTIVE RELIEF

21. Plaintiff seeks an permanant injunction barring enforcement, sale, or further transfer of the subject property by the Defendants.

## COUNT III: QUIET TITLE

22. Plaintiff seeks to quiet title in its favor and remove any cloud resulting from the void foreclosure.

## COUNT IV: BREACH OF FIDUCIARY DUTY

23. Defendants VA and the United States failed their fiduciary duties to protect the interests of a veteran borrower and trust beneficiary, enabling unlawful foreclosure and harm.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. declaration that the foreclosure judgment and recorded deed are void;
B. An order directing the Register of Deeds to expunge any such deed or record;
C. An injunction prohibiting any further enforcement by Defendants;
D. An order quieting title in Plaintiff's name;
E. A finding of breach of fiduciary duty;
F. Such other and further equitable relief as this Court deems just and proper.

Respectfully submitted,

_/s/ Ali, Adebisi_

Adebisi Ali
1901 W Evans St. Unit 5372
Florence, SC 29502

## VERIFICATION

I, Adebisi Ali, Trustee of House of Thomas, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts stated in this Bill in Equity are true and correct to the best of my knowledge.

Signature: _Ali, Adebisi_

Date: _4-30-2025_

pg 3 of 3

# Florence County Recording Page



**Florence Clerk of Court**
**Doris Poulos O'Hara**
180 North Irby Street MSC-E
Florence, SC 29501
(843) 665-3031

File Number: **2023-00000983**

Book: **1032**     Page: **1054**



Doc ID - 008300480004

On (Recorded Date): **1/27/2023**
At (Recorded Time): **2:28:00 PM**

Recording Pages: 4
Recording Fee: $15.00

## Please keep this Cover Page with the Original Document
### *This sheet is now part of this document, please leave attached.*

Index Type: **DEEDS**
Type of Instrument: **DEED**
Type of Transaction: **Deeds**

**First GRANTOR**

ADEBISI, ALI

**First GRANTEE**

ADEBISI, ALI

**Received From:**
ADEBSI ALI
1901 W EVANS ST UNIT 5372
FLORENCE, SC 29502

**Return To:**
ADEBSI ALI
1901 W EVANS ST UNIT 5372
FLORENCE, SC 29502

CERTIFIED: A TRUE COPY
REGISTER OF DEEDS
FLORENCE COUNTY, S.C.

The attached document including this Cover Page was recorded in the County Recorder's office of Florence County, South Carolina

Printed on: Friday, January 27, 2023  2:28 pm

When Recorded
Mail to:
1901 W. Evans St. Unit 5372
Florence, South Carolina 29502-7884

# FILED

Cross Reference Bk 790 Pg 1111

CHARLES RAY THOMAS II ESTATE
c/o Ali, Adebisi
1901 W. Evans St. Unit 5372
Florence, South Carolina 29502-7884

2023 JAN 27 PM 2: 27

DORIS POULOS O'HARA
CCCP & GS
FLORENCE COUNTY, SC

Date: January 27, 2023

FLORENCE COUNTY AUDITOR
c/o Debra G. Dennis
180 Irby Street MSC-B
Florence, SC 29501

Fax: (843) 676-1244
email: auditor@florenceco.org

## AFFIDAVIT OF NOTICE OF INTEREST

Greetings,

This correspondence constitutes as a NOTICE OF INTEREST to FLORENCE COUNTY AUDITOR Debra G. Dennis of FLORENCE COUNTY, 180 N. Irby St. MSC-B, Florence, SC 29501. Attached to this NOTICE OF INTEREST is UCC Filing Number: 20220013258. This NOTICE OF INTEREST pertains to Parcel No. 90044-01-003 and Parcel No. 90060-11-009. If there is a sale, private auction, or any other advertisement hosted by FLORENCE COUNTY, attorneys, or Sheriffs this NOTICE OF INTEREST and the secured party Thomas, Charles, Ali, Adebisi, or the HOUSE OF THOMAS, has priority interest over all matters. Any compensation resulting in the sale, theft, or any unexpressed authorization for the use of non-public personal information will be a direct violation of Federal Law. Being the responsible party over sells, deeds conveyance, and property transfer you will be held liable for any breach of public trust and will be taken before the United States Courts of Federal Claims for breach of Public Trust, violation of the Civil Rights Act of 1866, and RICO. Please govern yourself accordingly. This correspondence will be sent via email, fax, and certified mail to insure the delivery of this NOTICE OF INTEREST. We the people thank you for your time and patience.

_____ Witnesss         _Ali, Adebisi_____ Affiant

_____ Witnesss

State of South Carolina
County of Florence

ANNA R. STARLING
Notary Public
State of South Carolina
My Commission Expires Nov 1, 2031

The foregoing affidavit was acknowledged before me this __27th__ day of __January__, 2023 by __Anna R. Starling__ Notary Public.
My commission Expires __November 1, 2031__.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL. NOTICE TO PRINCIPAL IS NOTICE TO AGENT.
CERTIFIED MAILING No. EI 604 518 790 US



Government of Puerto Rico
Department of State
Transaction Date: 08/18/2022 1:59 PM AST
Filing Number: 20220013258
Lapse Date: 08/18/2027 1:59 PM AST
Filed Electronically

Government of Puerto Rico
## UCC1 – UCC Financing Statement

### DEBTOR'S NAME
Name: THOMAS TRUST, II Charles Ray
Address: 1308 Harmony St., Florence, SC, 29501,United States
Email: CharlesThomas171@outlook.com

### ADDITIONAL DEBTOR'S NAME
Name: THOMAS ESTATE, II Charles Ray
Address: 1308 Harmony St., Florence, SC, 29501,United States
Email: CharlesThomas171@outlook.com

### SECURED PARTY'S NAME
Name: THOMAS, Charles
Address: 1308 Harmony St., Florence, SC, 29501,United States
Email: charlesthomas171@outlook.com

### COLLATERAL
Collateral Description    Collateral description: all the debtors interested. The following property is hereby accepted as collateral for securing contractual obligation in favor of the secure party liens supersedes all liens including, but not limited to, mortgage liens, and Lis Pendens Liens. the value of the secured party's claim is $2,000,000.00 United States dollar. This in the entry of the debtor into commercial registry and public notice of commercial transaction. The secured party hereby secures all rights, interest, and title and said property. This lien can only be discharged by the secured party. It cannot be discharged for one hundred (100) years and cannot be extinguished due to the death of the claimant, or by claimants heirs, assigns, or executors. This lien is for repairs/maintenance and improvements related to said claimant, and performance of duty as related to all other assets due and payable and lawful money of the United States, a DOLLAR being described in 1792 US Coinage Act 371.25 grains
Alternative Designation  Held in a Trust

| Real Estate Records | This Financing Statement is to be filed in the Real Estate Records. | | |
|---|---|---|---|
| Name and Address | Charles Thomas | Timber to be cut | No |
| Description of Real Estate | Parcel # 90044-01-003- All that certain piece, parcel or lot of land situated, lying and being in the County of Florence, State of South Carolina being shown and designated as Lot No. Ninety-five (95) on a map of Westfield made by Ervin Engineering Co., dated October 12, 1953 and recorded in Plat Book 5 at page 56, in the office of the Clerk of Court for Florence County | Covers as-extracted collateral | No |
| | | Is Filed as a fixture filing | No |

| Alternative Designation [Not Provided] | Alternate Lien Type | Agricultural Lien |
|---|---|---|

### OPTIONAL FILER REFERENCE DATA
Filer Reference Data    202072258730- November 18, 2020 - state of Massachusetts
Miscellaneous           [Not Provided]

### Filer Information
Name: Charles Thomas
Address: United States, 1901 W. Evans St., Unit, Florence, South Carolina, 29502
Email: charlesthomas171@outlook.com



Government of Puerto Rico
Department of State
Transaction Date: 08/22/2022 1:40 PM AST
Filing Number: 20220013258-1
Lapse Date: 08/18/2027 12:00 AM AST
Filed Electronically

Government of Puerto Rico
UCC3 - UCC Financing Statement Amendment (Add Debtors)

## DEBTOR'S NAME
Name: FLORENCE COUNTY
Address: 180 N. Irby St., Room 106, Florence, SC, 29501, United States

## COLLATERAL
| | | | |
|---|---|---|---|
| Real Estate Records | This Financing Statement is to be filed in the Real Estate Records. | | |
| Name and Address | Charles Thomas 1901 W. Evans St. Unit 5372 Florence, South Carolina 29502 | Timber to be cut | No |
| | | Covers as-extracted collateral | No |
| Description of Real Estate | 90060-11-009-All that certain piece, parcel or lot of land | Is Filed as a fixture filing | No |

situate, lying and being in the city of Florence, State and County aforesaid, on the south side of Marion Street measuring 50 feet front on Marion Street and in depth 200 feet and being bounded on the North By Marion Street; on the East by the lands now or formerly of James Gary and on the South and West by the lands now or formerly of James Washington. This being the same property conveyed to Desmond George Tate and Charlena Tate recorded in Deed Book B622 at Page 1180 in the office of the Clerk of Court for Florence County, State of South Carolina. Property now held in Trust.

## OPTIONAL FILER REFERENCE DATA
Filer Reference Data     202072258730
Miscellaneous            [Not Provided]

## NAME OF AUTHORIZING PARTY OF RECORD AUTHORIZING THIS AMENDMENT
Filer Reference Data     THOMAS, Charles

## Filer Information
Name: Charles Thomas
Address: United States, 1901 W. Evans St., Unit, Florence, South Carolina, 29502
Email: charlesthomas171@outlook.com

UCC3 - UCC Financing Statement Amendment (Add Debtors)                          Page 1 of 1